United States District Court
Southern District of Texas
**ENTERED**
July 13, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PATRICK CHARLES § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:19-CV-3359 |
| § | |
| CALIBER HOME LOANS AND § | |
| U.S. BANK TRUST N.A., TRUSTEE, LSF9 § | |
| AS MASTER PARTICIPATION TRUST § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court is Defendants Caliber Home Loans ("Caliber") and U.S. Bank Trust N.A., Trustee, LSF9 as Master Participation Trust's ("U.S. Bank Trust") Motion to Dismiss. (Dkt. No. 10.) Defendants argue that Plaintiff's claims should be dismissed in their entirety. Plaintiff opposes the motion, arguing that he was not a party to the loan contract and did not owe the mortgage debt that led to foreclosure and eviction. (Dkt. No. 17 at 1-2.) The District Judge referred the entire case to the Magistrate Judge for full pretrial management pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (Dkt. No. 20.)

Plaintiff, pro se, filed this action August 29, 2019, seeking "monetary relief over 20 million dollars not more than 21 million[.]" (Dkt. No. 1 at 2.) Defendants were served the complaint September 3, 2019. (Dkt. No. 4.) On September 23, 2019, Defendants filed a motion to dismiss, which they supported with evidence. (Dkt. No. 10.) Plaintiff responded to the motion twice, attaching numerous exhibits to both briefs. (Dkt. Nos. 17, 24.) Defendants filed a reply to each of Plaintiff's responses. (Dkt. Nos. 18, 25.) On October 21, 2019, Plaintiff filed a Motion for Default Judgment. (Dkt. No. 12.)

On February 5, 2020, the Court held a hearing and, in addition to making rulings on multiple other motions filed by Plaintiff, the Court denied Plaintiff's Motion for Default

Judgment. (Dkt. No. 29.) The Court also notified the parties that it was converting Defendants' Motion to Dismiss into a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 12(d). (Dkt. No. 29.)

The Court later indicated that it intended to enter the ruling on Plaintiff's Motion for Default Judgment as a recommendation. (Dkt. No. 32 at 2 n.7.) To clarify the record and for the reasons stated below, the undersigned now recommends that the District Judge **DENY** Plaintiff's Motion for Default Judgment. After considering the parties' briefs, the summary judgment evidence, and relevant legal authority, the Magistrate Judge recommends that the District Judge **GRANT** Defendants' Motion for Summary Judgment.

## I. Plaintiff's Motion for Default Judgment

Federal Rule of Civil Procedure 55(a) allows for the entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend[.]" "Default judgment generally means a judgment entered by the Court as a penalty against a party for failure to appear or otherwise to perform a procedurally required act." *Fodge v. Trustmark Nat'l Bank*, 945 F.3d 880, 882 n.1 (5th Cir. 2019) (internal quotation marks omitted) (quoting *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 174 n.3 (3d Cir. 1990), and citing Fed. R. Civ. P. 55(a)). The Court should not impose the "drastic remedy" except in "extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)).

Generally, an answer is due within twenty-one days of receiving the summons and complaint. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). However, a properly filed motion to dismiss for failure to state a claim postpones the deadline for filing an answer until fourteen days after notice of the court's ruling if the motion is denied. *See* Fed. R. Civ. P. 12(a)(4)(A), (b)(6).

Plaintiff argues that Defendants did not timely file an answer. In this case, Defendants were served with summonses and the complaint on September 3, 2019. (Dkt. No. 4.) Accordingly, as noted on the docket sheet, Defendants' answers were due September 24, 2019. (*Id.*) On September 23, 2019, in lieu of an answer, Defendants filed a Motion to Dismiss for failure to state a claim, thereby timely responding to Plaintiff's complaint. (Dkt. No. 10.) Defendants were not required to file an answer because they filed a Motion to Dismiss. Thus, they did not fail to plead or otherwise defend this action. In other words, they did not default.

## II. Defendants' Motion for Summary Judgment

The Court converted Defendants' Motion to Dismiss to a Motion for Summary Judgment. Accordingly, the Court reviews the motion under the summary judgment legal standard.

### A. Legal Standard

Federal Rule of Civil Procedure 56(a) instructs the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *See also Nall v. BNSF Ry. Co.*, 917 F.3d 335, 340 (5th Cir. 2019). The movant is tasked with the initial burden of informing the Court of the basis for the motion and pointing to relevant excerpts in evidence that demonstrate the absence of genuine factual issues. *See Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 505 (5th Cir. 2014) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The movant may also argue that the nonmovant failed to produce evidence in support of at least one element of a cause of action for which he bears the burden of proof. *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017).

If the movant satisfies the initial burden, it shifts to the nonmovant who must produce evidence of a genuine factual dispute; he may not merely rest on the allegations in his pleading.

*See Coastal Agric. Supply, Inc.*, 759 F.3d at 505 (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). In reviewing a motion for summary judgment, the Court bears the responsibility of taking the nonmovant's evidence as true and drawing all reasonable inferences in his favor. *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). But the Court should not accept "[u]nsubstantiated assertions, improbable inferences, [or] unsupported speculation" as sufficient to carry the nonmovant's burden. *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, the Court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### B. Evidence of Record

In April 1998, Ralph Thelton Brown ("Brown") purchased the property at 507 Sandy Walk, Stafford, Texas, 77477 ("Property"). (Dkt. No. 10, Ex. 1.) The Property was in the Promenade at Stafford Run ("Promenade"), a single-family-home residential community in Fort Bend County. (Dkt. No. 10, Exs. 1, 2) Pursuant to a Declaration of Covenants and Restrictions ("Declaration"), properties in the Promenade were subject to various assessments. (Dkt. No. 10, Ex. 2.) The Declaration secured payment of the assessments through liens that were subordinate and inferior to any lien pursuant to a mortgage, among other types of liens. (*Id.*)

In August 2007, Household Finance Corporation III secured a home equity loan to Brown in the amount of $132,699.56 with a lien pursuant to a mortgage. (Dkt. No. 10, Ex. 3.) In 2013, Brown failed to stay current on maintenance assessments, prompting the homeowners' association ("HOA") of the Promenade to file suit. (Dkt. No. 10, Exs. 4, 10.) The HOA obtained a default judgment against Brown in the amount of $3,776.08. (Dkt. No. 10, Ex. 11.) In June

2014, Brown's property was sold at a constable's sale for $4,500. (Dkt. No. 10, Exs. 5, 12.) Eno Obasogie purchased the property and, in July 2015, conveyed the property to Hillary Udoete (Dkt. No. 10, Exs. 5, 6.)

In September 2016, Household Finance Corporation III assigned its lien on the Property to U.S. Bank Trust. (Dkt. No. 10, Ex. 7.) In November 2017, Plaintiff purchased the Property from Hillary Udoete. (Dkt. No. 17, Exs. 1 (unnumbered), 7.) In March 2018, the 268th Judicial District Court of Fort Bend County issued a Home Equity Foreclosure Order. (Dkt. No. 10, Ex. 9.) Shortly thereafter, U.S. Bank Trust purchased the Property for $193,195.06 at the foreclosure sale. (*Id.*)

In May 2018, Eno Obasogie, as conservator for Hillary Udoete, executed a document entitled "DISCHARGE OF MORTGAGE," which stated in part, "LIENS AND DEBTS Are All Fully: Satisfied And Discharged, And That The Mortgage Is Fully And Forever Released From the Property[.]" (Dkt. No. 17, Ex. 18, Dkt. No. 24, Ex. 8.) Eno Obasogie also signed a document entitled "RELEASE OF MORTGAGE," which stated in part that the Brown mortgage "together with the debt secured by said mortgage[] and all other[] liens/debt etc[.] has been full paid, satisfied, released, and discharged[] and that the [P]roperty . . . has been released from the lien of such mortgage." (Dkt. No. 24, Ex. 8.) Eno Obasogie further "APPOINT[ed] and Direct[ed] the Register Of Deeds Of [FORT[ ]BEND] County as TRUSTEE To Discharge and Cancel, RELEASE[] any and All Debts Attach[ed] To THIS PROPERTY ON Record[.] (*Id.*)

In July 2018, the attorney for U.S. Bank Trust sent a notice to vacate addressed to Brown and/or all occupants of the Property. (Dkt. No. 10, Ex. 13.) In August 2018, the Justice of the Peace, Precinct 2 of Fort Bend County issued a judgment in U.S. Bank Trust's favor for possession of the Property. (Dkt. No. 10, Ex. 14, Dkt. No. 17, Ex. 1 (unnumbered).) On

September 17, 2018, a deputy constable posted a notice to vacate on the front door of the Property, which ordered Plaintiff to vacate by September 19, 2018. (Dkt. No. 24, Ex. 4.) On September 18, 2018, Plaintiff filed a voluntary petition for bankruptcy. (Dkt. No. 10, Ex. 15.) The following day, U.S. Bank Trust filed a motion for relief from the automatic bankruptcy stay in order to permit eviction. (Dkt. No. 10, Ex. 17.) As reflected on the attached certificate of conference, U.S. Bank Trust's attorney attempted to confer with Plaintiff and, being unable to reach him, left a voicemail. (*Id.*) On October 4, 2018, the U.S. Bankruptcy Judge dismissed Plaintiff's bankruptcy case for failure to comply with a deficiency order. (Dkt. No. 10, Ex. 18.)

On October 11, 2018, a deputy constable served a notice to vacate by October 13, 2018. (Dkt. No. 24, Ex. 4.) On October 17, 2018, an officer executed the Writ of Possession issued by the Justice of the Peace, Precinct 2 of Fort Bend County and evicted Plaintiff from the Property. (Dkt. No. 10, Ex. 19, Dkt. No. 17, Ex. 1 (unnumbered).) All of Plaintiff's personal property was placed outside in the rain and was looted and destroyed. (Dkt. No. 17, Ex. 1 (unnumbered).)

### C. **Analysis**

Defendants' overarching argument is that the mortgage lien securing Brown's home equity loan was not extinguished by the 2014 constable's sale of the Property to Eno Obasogie because the mortgage lien was superior to the HOA's lien. Thus, Plaintiff purchased the Property subject to U.S. Bank Trust's lien. Accordingly, U.S. Bank Trust was entitled to enforce the lien against the Property through foreclosure and eviction. At the core of Plaintiff's argument is the incorrect assertion that, because he was not debtor on Brown's home equity loan, the lien securing that loan was not enforceable against the Property after Brown no longer owned it. The undisputed evidence supports Defendants' position.

The evidence demonstrates that the HOA's lien for the nonpayment of assessments was

inferior to any mortgage lien. The HOA's foreclosure on the Property extinguished only its lien, and the superior mortgage lien remained, securing payment of the home equity loan. *See Kenneth D. Eichner, P.C. v. Dominguez*, NO. 14-18-00399-CV, 2020 WL 1026430, at *4 n.2 (Tex. App.—Houston [14th Dist.] Mar. 3, 2020, pet. filed)(citing *Atu v. Slaughter*, No. 14-06-00771-CV, 2007 WL 2682198, at *3 (Tex. App.—Houston [14th Dist.] Sept. 13, 2007, no pet.)("[F]oreclosure does not terminate interests in the foreclosed real estate that are senior to the mortgage being foreclosed.").

Although Plaintiff does not challenge the validity of the original mortgage lien imposed on the Property to secure Brown's home equity loan, he submitted documents signed by Eno Obasogie purporting to discharge and/or release that mortgage lien. Plaintiff failed to produce any evidence that U.S. Bank Trust assigned the lien to either Eno Obasogie or Hillary Udoete. That is, Plaintiff failed to demonstrate that the mortgage lien securing Brown's home equity loan was either of theirs to discharge and/or release. To be perfectly clear, the fact that Plaintiff was not the borrower on Brown's home equity loan is irrelevant to this case. What matters is that the mortgage lien on the Property for the home equity loan survived Plaintiff's purchase of the Property in 2017. Ultimately, Plaintiff's failure to present evidence that raises a fact dispute as to the survival of the lien dooms Plaintiff's entire case. Nevertheless, the Court addresses each of the causes of action to which Plaintiff at the very least alluded in his complaint.

As the Court understands Plaintiff's complaint, read as broadly as possible, Plaintiff alleged the following claims: (1) wrongful foreclosure; (2) wrongful eviction; (3) violation of the Fair Debt Collection Practices Act ("FDCPA"); (4) trespass; (5) invasion of privacy; (6) violation of Texas Penal Code § 22.04; (7) violation of the automatic stay in bankruptcy; (8) conversion; (9) negligence; and (10) violation of a constitutional right. In briefing on the pending

dispositive motion, Plaintiff also accused Defendants of fraud. Because Plaintiff did not plead fraud as a cause of action, it is not before the Court. Moreover, Plaintiff failed to plead, much less produce evidence of, any fraudulent conduct.

### 1. *Wrongful Foreclosure*

Under Texas law, a plaintiff asserting a cause of action for wrongful foreclosure must prove the following: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Casalicchio v. BOKF, N.A.*, 951 F.3d 672, 677 n.5 (5th Cir. 2020). The only basis for this claim is Plaintiff's assertion that he was not the borrower on the loan underlying the foreclosure. No evidence in the record supports a finding in Plaintiff's favor on any of the three elements. Rather, the evidence demonstrates that the foreclosure proceedings were without defect and that the selling price was not grossly inadequate.

### 2. *Wrongful Eviction*

The elements of a wrongful eviction claim are: (1) an unexpired lease; (2) "the tenant's occupancy of the premises;" (3) "the landlord's eviction of the tenant;" and (4) damages. *St. Anthony*'s *Minor Emergency Ctr., L.L.C. v. Ross Nicholson 2000 Separate Prop. Tr.*, 567 S.W. 3d 792, 797 n.4 (Tex. App.—Houston [14th Dist.] 2018); *see also* Tex. Prop. Code § 92.0081. Plaintiff claims to be the owner of the Property, not a tenant. Furthermore, the evidence shows that the eviction was authorized by court order.

### 3. *Violation of the FDCPA*

The FDCPA protects against abusive debt collection practices. *See* 15 U.S.C. § 1692. Plaintiff alleges that Defendants violated the FDCPA by collecting a debt that Plaintiff did not owe. Nothing in the evidence indicates that Defendants collected or attempted to collect any

debt. Rather, U.S. Bank Trust enforced a valid lien on the Property.

### 4. *Trespass*

"Trespass to real property is an *unauthorized* entry upon the land of another." *Envtl. Processing Sys., L.C. v. FPL Farming Ltd.*, 457 S.W.3d 414, 422 (Tex. 2015)(alteration omitted)(quoting *Barnes v. Mathis*, 353 S.W.3d 760, 764 (Tex. 2011)). Here, the evidence demonstrates that the entry upon Plaintiff's Property was authorized by court order.

### 5. *Invasion of Privacy*

Invasion of privacy is a cause of action that prohibits several different types of tortious conduct. *Tex. Health Res. v. Pham*, No. 05-15-01283-CV, 2016 WL 4205732, at *6 (Tex. App.—Dallas Aug. 3, 2016, no pet.). Although Plaintiff did not specify what facts gave rise to his claim, the only variety with possible application here requires evidence of an intentional intrusion upon one's "solitude, seclusion, or private affairs or concerns" that a reasonable person would find highly offensive. *Webb v. Glenbrook Owners Ass'n, Inc.*, 298 S.W.3d 374, 387 (Tex. App.—Dallas 2009, no pet.) The only discernable basis in fact for this claim is Plaintiff's eviction. As the eviction was authorized by court order, no evidence in the record supports a finding that the intrusion on the Property would highly offend a reasonable person.

### 6. *Violation of Texas Penal Code § 22.04*

Texas Penal Code § 22.04 makes it illegal to cause injury to an elderly person, a disabled person, or a child. However, the Texas Penal Code "generally do[es] not create private rights of action." *Tex. Health Res.*, 2016 WL 4205732, at *8 (citing *A.H. Belo Corp. v. Corcoran*, 52 S.W.3d 375, 379 (Tex. App.—Houston [1st Dist.] 2001, pet. denied)). Plaintiff has identified no source of a private right of action for the abuse he alleged. Moreover, no evidence reflects any abusive act by Defendants.

7. *Violation of the Automatic Stay in Bankruptcy*

When a voluntary petition for bankruptcy is filed, an automatic stay prevents, among other actions, "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the [bankruptcy] case. " 11 U.S.C § 362(a)(2). No evidence demonstrates that Defendants took any action related to the enforcement of the mortgage lien between the filing of Plaintiff's bankruptcy petition and the dismissal of his bankruptcy case. The voicemail from U.S. Bank Trust's attorney conferring with Plaintiff on its motion seeking relief from the automatic stay was required by court rules and was not an act in violation of the stay.

8. *Conversion*

Conversion is defined as "the wrongful exercise of dominion and control over another's property in denial of or inconsistent with his rights." *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 210 n.44 (Tex. 2002) (quoting *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 391 (Tex. 1997)). The Court broadly reads Plaintiff's complaint to allege a conversion claim related to the damage to and/or looting of his personal property that occurred after it was moved outside. Plaintiff produced no evidence that the removal of his personal property from his home was in denial or inconsistent with his rights. In fact, it was authorized by court order.

9. *Negligence*

The elements of a negligence cause of action are: (1) a legal duty; (2) a breach of the duty; and (3) damages proximately caused by the breach. *Martinez v. Walgreen Co.*, 935 F.3d 396, 399 (5th Cir. 2019) (applying Texas law). Plaintiff failed to plead facts or present evidence in support of any of the three elements of negligence.

10. *Violation of a Constitutional Right*

A plaintiff may seek redress for a constitutional violation under 42 U.S.C. § 1983. To do so, the plaintiff must establish that the defendant acted under the color of state law. *Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017). Plaintiff alleged that he was detained or restrained from entering his home. Be that as it may, Plaintiff has neither alleged nor produced evidence that Defendants were state actors.

### III. Conclusion

At the summary judgment stage, Plaintiff must produce evidence in support of each element of every cause of action. Plaintiff failed to meet his summary judgment burden, and Defendants are entitled to judgment as a matter of law on all of Plaintiff's claims

For the foregoing reasons, the Magistrate Judge hereby recommends that the District Judge **DENY** Plaintiff's Motion for Default Judgment and **GRANT** Defendants' Motion for Summary Judgment. (Dkt. Nos. 10, 12.)

### Notice of Right to Object

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

SIGNED this 13th day of July, 2020.

_____
Sam S. Sheldon
United States Magistrate Judge